WILLIAM WENDELL RAMSEY, JR., Petitioner-Appellant, STATE OF HAWAVI, Respondent-Appellee (S.P.P. NO. 05-1-0025(2))
v.
WILLIAM WENDELL RAMSEY, JR., Petitioner-Appellant, STATE OF HAWAVI, Respondent-Appellee (S.P.P. No. 06-1-0002(3))
Nos. 27697, 27824
Intermediate Court of Appeals of Hawaii.
May 15, 2008.
On the briefs:
William Wendell Ramsey, Jr., Petitioner-Appellant pro se.
Peter A. Hanano, Deputy Prosecuting Attorney, County of Maui, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., Nakamura and Fujise, JJ.
Petitioner-Appellant William Wendell Ramsey, Jr. (Ramsey), pro se, appeals from the Findings of Fact, Conclusions of Law, and Judgment Denying Petitioner's (1) Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody and (2) Motion to Appoint Counsel (Order Denying Petition) filed on December 7, 2005 in the Circuit Court of the Second Circuit[1] (circuit court) in Appellate Court No. 27697 and from the Order Granting State's Motion to Dismiss Petitioner's Petition for Post-Conviction Relief (Rule 40, HRPP) Due to Lack of Jurisdiction (Order Dismissing Petition) filed on March 10, 2006 in the circuit court[2] in Appellate Court No. 27824. The appeals in case numbers 27697 and 27824 have been consolidated for the purpose of issuing a disposition.
On January 28, 1994, Ramsey was indicted for Burglary in the First Degree in violation of Hawaii Revised Statutes (HRS) § 708-810(1)(c) (1993) and Sexual Assault in the Third Degree in violation of HRS § 707-732 (1) (c) (1993). A jury found Ramsey guilty of both charges, and Judgment was entered on October 28, 1994. Ramsey did not file a direct appeal from the Judgment.[3]
On March 17, 1997, pursuant to Hawai`i Rules of Penal Procedure (HRPP) Rule 40, Ramsey filed a Petition for Post-Conviction Relief under S.P.P. No. 97-0004(3) (First Petition).[4] Ramsey alleged numerous grounds for his ineffective assistance of counsel claim.
The circuit court filed its Decision and Order Denying Rule 40 Petition on September 30, 1997. The circuit court concluded that Ramsey's claims were patently frivolous and without a trace of support either in the record or from any new evidence submitted by Ramsey and that all grounds Ramsey set forth had been previously waived by his failure to file a timely direct appeal.[5]
Ramsey appealed the denial of his First Petition. On January 14, 1999, this court vacated part of the circuit court's decision and ordered the circuit court to hold an HRPP Rule 40 evidentiary hearing on these claims and to permit Ramsey to file an amended HRPP Rule 40 petition. This court affirmed the remainder of the circuit court's decision.
On April 13, 1999, the State filed a Motion for Evidentiary Hearing. On August 9, 1999, Ramsey filed an Amended Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Amended Petition), in which he alleged the numerous grounds for his ineffective assistance of counsel claim. An evidentiary hearing was held on September 7, 1999.
On February 18, 2000, the circuit court filed its Findings of Fact and Conclusions of Law, in which it denied Ramsey's Amended Petition. Ramsey appealed the denial of his Amended Petition, and on August 28, 2001, this court affirmed the circuit court's denial of the Amended Petition.[6]
On September 25, 2003, Ramsey filed a second petition for Post-Conviction Relief (Second Petition) pursuant to HRPP Rule 40. Ramsey again claimed ineffective assistance of counsel based on several grounds. Without an evidentiary hearing, the circuit court denied the Petition. Ramsey appealed the denial of the Second Petition. This court affirmed the decision of the circuit court by Summary Disposition Order.
On August 31, 2005, Ramsey filed a third Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody ("Third Petition") pursuant to HRPP Rule 40. Ramsey claimed that it was prosecutorial misconduct for the State to have prosecuted him because the testimony at trial relating to Ramsey's conduct relevant to the charged offense did not constitute the offense of sexual assault in the third degree and there could not be a conviction on the charge of burglary in the first degree without the sexual assault.
The State opposed Ramsey's Third Petition. The circuit court denied the Third Petition without a hearing. In its Order Denying Petition, the circuit court held that the issues sought to be ruled upon had been waived, lacked a colorable basis and were without merit. On January 3, 2006, at 3:11 p.m., Ramsey appealed from the order denying the Third Petition in case number 27697.
On January 3, 2006, at 11:05 a.m., Ramsey filed a fourth Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody ("Fourth Petition") pursuant to HRPP Rule 40. Ramsey claimed that in 1997 or 1998 he had spoken with the trial judge and that the judge had told Ramsey that "I know you are innocent." Ramsey argued that based upon this statement it was judicial misconduct for the trial judge not to have dismissed the case. Ramsey also claimed that his counsel was ineffective for: (1) failing to submit jury instructions for harassment as a lesser included offense of sexual assault in the third degree and trespassing as a lesser included offense of burglary in the first degree; (2) failing to move to dismiss the indictment or preliminary hearing due to insufficient evidence of the sexual assault; and (3) failing to move to set aside the convictions when the evidence only supported harassment and criminal trespass.
On March 10, 2006, the State filed an Ex Parte Motion to Dismiss Petitioner's Petition for Post-Conviction Relief Due to Lack of Jurisdiction (Motion to Dismiss) on the grounds that the Fourth Petition was filed during the pendency of the appeal from the Third Petition and Ramsey had failed to get permission of the appellate court for the filing of the Fourth Petition "during the pendency of direct appeal"`as required by HRPP Rule 40. Ramsey filed a response to the Motion to Dismiss. The circuit court granted the State's Motion to Dismiss on the grounds that it did not have jurisdiction because Ramsey had not "first obtained leave of the appellate court to file the instant petition nor is there any showing that the issues raised herein could not have been raised in the earlier petition." Ramsey appeals from the Order Dismissing Petition in Appellate Court No. 27824.
On appeal in Appellate Court No. 27697, Ramsey contends:
1. the evidence at trial did. not support a conviction on sexual assault in the third degree;
2. the complaining witness was not credible; and
3. the evidence at trial did not support a conviction on burglary in the first degree.
Ramsey contends that these issues were not waived or previously ruled upon because he now bases his argument on testimony by his trial attorney at a hearing in 1999.
On appeal in Appellate Court No. 27824, Ramsey repeats the contentions he made in his Fourth Petition and argues.. in his reply brief that he is entitled to a hearing.
Upon careful .review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we hold that with respect to the Third Petition in case number 27697, the circuit court properly denied Ramsey's claims as "previously ruled upon or. . . waived." HRPP Rule 40(a)(3). Additionally, Ramsey's claims were "patently frivolous and " " " without trace of support either .in the record or from other evidence submitted" by Ramsey. HRPP Rule 40(f).
In Appellate Court No. 27824, the Fourth Petition was filed a few hours before the filing of the notice of appeal from the denial of the Third Petition and therefore was not initiated during the pendency of an appeal as the circuit court believed[7] Accordingly we conclude that the circuit court was wrong in dismissing the Fourth Petition.
Therefore,
IT IS HEREBY ORDERED that the Circuit Court of the Second Circuit's Findings of Fact, Conclusions of Law, and Judgment Denying Petitioner's (1) Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody and (2) Motion to Appoint Counsel is affirmed; and we vacate the March 10, 2006 Order Granting State's Motion to Dismiss Petitioner's Petition for Post-Conviction Relief (Rule 40, HRPP) Due to Lack of Jurisdiction and remand for proceedings consistent with this opinion.
NOTES
[1] The Honorable Shackley F. Raffeto presided.
[2] The Honorable Joseph E. Cardoza presided.
[3] The facts of certain prior proceedings in this case have been fully described in Ramsey v. State, No. 26557, 2005 WL 1785836 (App. July 28, 2008) and are repeated here where appropriate.
[4] This court takes judicial notice of the records and files in Appellate Court Nos. 21116, 23288 and 26557.
[5] See Ramsey v. State, No. 26557, 2005 WL 1785836 (App. July 28, 2008).
[6] See Ramsey V. State, No. 26557, 2005 WL 1785836 (App. July 28, 2008). In the period from 2001 and 2003, Ramsey sought relief in the federal courts. Although documents from those proceedings are contained in the record on appeal as exhibits, the complete record from those proceedings are not before us at this time.
[7] Because the Fourth Petition was filed prior to the filing of the notice of appeal from the denial of the Third Petition, we need not address whether or not the circuit court was correct in concluding that Ramsey was required to obtain the permission of the appellate court "during the pendency of direct appeal" when the appeal in question was not a direct appeal from the original judgment.